OPINION AND ORDER

OPINION

1. The Order of the Fort Peck Tribal Court contained sufficient factual and legal errors so that it should be reversed in part to the extent that the Tribal Court found that the Fort Peck Housing Authority must file a separate “Petition to Execute on Judgment” or some other new civil action in order to enforce the June 11, 2007 Order of Eviction.
2. The Order of Eviction dated June 11, 2007, should be affirmed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The matter started with a 2004 complaint for eviction of Appellee Lilley from a Mutual Help unit for failure to make required rental payments. The parties then stipulated to a judgment and order issued on October 22, 2004. Appellee Lilley failed to meet the obligations of the agreement and the Fort Peck Housing Authority sought eviction. On November 28, 2005, the Tribal Court, after hearing the motion, ordered certain payments and eviction if payments were not made. This Order was subsequently amended on April 11, 2006 as an Amended Order of Eviction and Default Judgment and Order of Forcible Entry and Detainer.
The parties entered into another repayment agreement. This agreement had specific terms as to rights and duties of the parties upon failure to comply. Appel-lee Lilley failed to eomply and the Fort Peck Housing Authority sought to enforce its Order of Eviction which had been granted on June 11, 2007.
The matter returned to the Tribal Court, where, on August 25, 2008, the Court issued an Order in favor of Appellee Lilley. Summarizing this order, the Court stated that Fort Peck Housing Authority could not enforce the June 11, 2007 Order of Eviction. It further ordered that Fort Peck Housing Authority must bring a new civil action to enforce the June 11, 2007 Order of Eviction, as it was past the original enforce time frame.
This order (August 25, 2008) is the subject of the current appeal.

ISSUES

1. Whether the August 25, 2008 Order of the Fort Peck Tribal Court contained sufficient factual and legal errors so that it should be reversed in *246 part to the extent that the Tribal Court found that the Fort Peck Housing Authority must file a separate “Petition to Execute on Judgment” or some other new civil action in order to enforce the June 11, 2007 Order of Eviction.
OPINION: Yes
2. Whether the June 11, 2007 Order of Eviction should be enforced.
OPINION: Yes

DISCUSSION

The record shows here that contrary to the Tribal Court’s August 28, 2008 Order, the parties had not stipulated to the Court’s June 11, 2007 Order of Eviction. The Fort Peck Housing Authority had issued an Affidavit attesting to the default of Appellee Lilley to obtain the Order of Eviction.
Further, there is reversible error in that the Court found that the original “enforce time frame” for the June 11, 2007 Order of Eviction had past.
The Tribal Court further erred in finding that the Fort Peck Housing Authority was required to file a separate “Petition to Execute on Judgment” as being past the original enforce time frame. It is clear from the record that the June 11, 2007 Order of Eviction had not expired and there was no original enforce time frame.
Here, also, we reject the conclusion of the Tribal Court that the June 11, 2007 Order of Eviction expired when the Fort Peck Housing Authority did not enforce the Order of Eviction, and the deadline for eviction passed after July 21,2007.
The facts show here that Appellee Lilley defaulted on a stipulated Judgment to make payments. The June 11, 2007 Order of Eviction does not contain any limitations on enforcement.
Based on the foregoing, the record and file herein, IT IS HEREBY ORDERED AS FOLLOWS in this matter:
1. The Order of August 25, 2008 is reversed in part to the extent that the Tribal Court order that the Fort Peck Housing Authority must file a separate “Petition to Execute on Judgment” or some other new civil action in order to enforce the June 11, 2007 Order of Eviction.
2. The June 11, 2007 Order of Eviction is upheld and enforceable without the need for additional notice, hearings or pleadings to or by the parties.